1

2

3

4

5  **UNITED STATES DISTRICT COURT**

6  **DISTRICT OF NEVADA**

7

8  ELIANE STETLER,

9       Plaintiff,                   Case No. 2:11-CV-01937-LDG-GWF

10  v.                            **ORDER ON MOTION TO SET ASIDE**
                                       **ENTRY OF DEFAULT**

11  NATIONSTAR MORTGAGE, METLIFE
HOME LOANS, LLC and METLIFE

12  HOME LOANS, LLC D/B/A FIRST
HORIZON MORTGAGE

13

     Defendants.

14

15

16       Defendant Nationstar Mortgage ("Nationstar") moves to set aside (#14) the Clerk of

17  the Court's Entry of Default (#12). For the reasons explained below, the Court will grant the

18  motion.

     Federal Rule of Civil Procedure 55(c)

19

     Pursuant to Fed. R. Civ. Pro. 55(c), "[t]he court may set aside an entry of default for

20  good cause." The Ninth Circuit has stated in *Falk v. Allen,* 739 F.2d 461, 463 (1984):

21  "judgment by default is a drastic step appropriate only in extreme circumstances; a case

22  should, whenever possible, be decided on the merits." *See also Schwab v. Bullocks, Inc.,*

23  508 F.2d 353, 355 (9th Cir.1974). Additionally, the decision to set aside the entry of default

24  lies within the sound discretion of the trial judge. *Madsen v. Bumb,* 419 F.2d 4, 6 (9th Cir.

25  1969).

26

1    The "good cause" factors to set aside an entry of default under Rule 55(c) are the

2    same as those factors used in setting aside an entry of default judgment under Rule 60(b).

3    *Franchise Holding II, LLC v. Huntington Restaurant Groups Inc,* 375 F.3d 922, 925 (9th Cir.

4    2004). Using the factors given in *Falk,* there are three things for the Court to consider when

5    deciding to set aside an entry of default: (1) whether the plaintiff will be prejudiced, (2)

6    whether the defendant has a meritorious defense, and (3) whether culpable conduct of the

7    defendant led to the default. *Falk,* 739 F.2d at 463.  These factors are disjunctive, and as

8    such, a finding of any one of the three will allow the District Court to deny the motion

9    pursuant to its discretion to do so. *Franchise Holding,* 375 F.3d at 926.

10    This Court agrees with the statement in *Falk* that the entry of default is a drastic

11    measure, and that cases should be decided on the merits. *Falk,* 739 F.2d at 463.

12    Furthermore, the plaintiff, Eliane Stetler, has not shown that she will be prejudiced by

13    setting aside the entry of default.  Indeed, Stetler did not oppose Nationstar's motion.

14    Therefore, pursuant to Local Rule 7-2(d), the Court considers her failure to oppose as a

15    consent to the granting of the motion.  Also, the Court agrees with Nationstar's arguments

16    in its motion that it has a plausible meritorious defense. Finally, the Court does not find the

17    conduct of Nationstar to be culpable as to their untimely filing of an answer.

18    Accordingly,

19    THE COURT **ORDERS** that Defendant's Motion to Set Aside Entry of Default (#14)

20    is GRANTED.

21

22    DATED this ___10___ day of August, 2012.

23    _____

24    Lloyd D. George
United States District Judge

25

26

2